UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                               Case No: 6:18-cv-1937-Orl-40TBS

JOAO MORALES,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Leave to Proceed in Forma Pauperis, filed by *pro se* Defendant Joao Morales (Doc. 2). The motion is accompanied by a Notice of Removal (Doc. 1). On review, it is **respectfully recommended** that the motion be **denied, and the case be immediately remanded for absence of subject matter jurisdiction.**

Defendant seeks to remove to this Court, an ongoing criminal prosecution against him for felony drug possession and possession of drug paraphernalia, currently pending in the Circuit Court of the Ninth Judicial District in and for Osceola County, Florida (Doc. 1-1; see also State of Florida v. Joao Morales, Case No. 2017 CF 003482, Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida). Defendant cites no valid statutory basis to support removal of his state criminal case.[1] Even if Defendant had cited an appropriate basis for removal of his criminal case, he has not shown that the special circumstances required for removal are present here. See, e.g. 28 U.S.C. § 1442(a)(1) (federal officer or agencies as defendant).

---

[1] Defendant cites "8 U.S.C. 1441, 22 CFR 93/1-93.2, 28 USC 1330, 28 USC 1608, FDR 12b1-6, 26 USC 328, 340, 1-308, 28 USC 1602-1611, UCC 1-207/1-308" (Doc. 1 at 1). None of these provisions provide a basis for removal of his state criminal case.

Defendant also claims that removal is proper because there is diversity of citizenship and multiple federal questions raised. To the extent Defendant contends that his criminal case is removable under 28 U.S.C. § 1332 (diversity jurisdiction) or § 1331 (federal question jurisdiction), his arguments have no merit. Both provisions speak solely to *civil* actions. See Alabama v. Thomason, 687 F. App'x 874, 877 (11th Cir. 2017), 28 U.S.C. §§ 1332(a), 1331.

Even if there were a basis for removal here, Defendant has failed to show compliance with the appropriate procedure:

> (a) Notice of removal.--A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements.–
>
> (1) A notice of removal of a criminal prosecution **shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier,** except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. **A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.** For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

> (4) The United States district court in which such notice is filed shall examine the notice promptly. **If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.**

28 U.S.C. § 1455 (emphasis added). According to the state court docket Defendant was arraigned in April 2018. Thus, in addition to not specifying legitimate grounds for removal, Defendant's removal notice is not timely. I therefore **respectfully recommend** that the motion be denied and the Court order summary remand.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 19, 2018.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties