UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                Case No:   6:18-cv-1937-Orl-40TBS

JOAO MORALES,

    Defendant.
_____

## REPORT AND RECOMMENDATION

### I. Background

Defendant Joao Morales sought to remove to this Court an ongoing criminal prosecution against him for felony drug possession and possession of drug paraphernalia, currently pending in the Circuit Court of the Ninth Judicial District in and for Osceola County, Florida (Doc. 1-1; see also State of Florida v. Joao Morales, Case No. 2017 CF 003482, Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida). Defendant cited no valid statutory basis to support removal of his state criminal case. Even if he had cited an appropriate basis for removal of his criminal case, he did not show the special circumstances required for removal. See, e.g. 28 U.S.C. § 1442(a)(1) (federal officer or agencies as defendant).

Defendant claimed that removal was proper based upon the existence of diversity of citizenship and multiple federal questions raised. To the extent Defendant contended that his criminal case was removable under 28 U.S.C. § 1332 (diversity jurisdiction) or § 1331 (federal question jurisdiction), his arguments had no merit. Both provisions speak solely to civil actions. See Alabama v. Thomason, 687 F. App'x 874, 877 (11th Cir. 2017),

28 U.S.C. §§ 1332(a), 1331. Defendant also failed to comply with the procedural requirements for removal.

For these reasons, I respectfully recommended summary remand of Defendant's case to the state court (Doc. 3). The district judge agreed and remanded the case (Doc. 4). Defendant has filed a notice of appeal to the Eleventh Circuit Court of Appeals (Doc. 5). He seeks leave of Court to pursue his appeal *in forma pauperis* (Doc. 6).

## II. Legal Standard

Title 28 of the United States Code, Section 1915 governs *in forma pauperis* motions filed in federal court. The statute provides in part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

A party's ability to file an appeal without paying court fees is limited by the statutory provision that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8:09-cv-943-T-27EAJ, 2009 WL

3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)); Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). A frivolous case is one without arguable merit. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun, 939 F.2d at 925 (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M.D. Fla. Aug. 24, 2010).

### III. Discussion

On the merits, I see no basis for a good faith appeal by Defendant. For the reasons explained here, in my Report and Recommendation, and in the Court's Order adopting same, I find that Defendant's appeal lacks any arguable merit and his motion should be denied.

### IV. Recommendation

Now, I **RESPECTFULLY RECOMMEND** the Court certify that Defendant's appeal is not taken in good faith and **DENY** his motion to proceed *in forma pauperis*.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on December 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Counsel of Record
    Unrepresented Parties